# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Maurice D. Kenney, | Case No. 3:22 CV 1923 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Julia R. Bates, *et al.*, | |
| Defendants. | |

## Background

Ohio prisoner Maurice D. Kenney ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) He was convicted in 2017, pursuant to a guilty plea, in the Lucas County Court of Common Pleas on charges of involuntary manslaughter, tampering with evidence, and having a weapon under a disability. *See State of Ohio v. Kenney*, No. G-4801-CR-0201602768-000 (Lucas Cty. Ct. Comm. Pls).

Plaintiff sues Lucas County Prosecutor Julia Bates and Lucas County Court of Common Pleas Judge Ruth Ann Frank, contending his constitutional rights were violated and that he is falsely imprisoned because a "C.C.W." (carrying a concealed weapon) charge "was not in the indictment." (Doc. 1 at 4.) He seeks a "Declaratory Judgment that [he] is being falsely imprisoned" and "Injuncti[ve] Relief." (*Id.* at 5.)

Plaintiff has been granted leave to proceed *in forma pauperis*.

## Standard of Review and Discussion

Federal district courts are required to screen all *in forma pauperis* prisoner complaints filed in federal court, and to dismiss before service any such action that the court determines is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Upon review, the Court finds that Plaintiff's complaint must be dismissed.

First, a civil rights action is not a valid mechanism by which a prisoner may challenge the legality of his confinement following a state criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-500 (1973). Rather, where a person in state custody challenges the validity of a criminal conviction and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. Plaintiff's complaint seeks a judgment that his imprisonment is unlawful. But only by filing a Petition for a Writ of Habeas Corpus may Plaintiff seek relief from his state criminal conviction in federal court. *See id*.

Second, even to the extent Plaintiff may be seeking relief available in a civil rights action, his complaint fails to allege a cognizable claim. In *Heck v. Humphrey,* the Supreme Court held that a state prisoner is precluded from raising claims in a civil rights action under § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless and until the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. *Heck* applies whether a plaintiff seeks damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter

-2-

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Plaintiff asserts claims challenging the lawfulness of his state-court conviction and imprisonment, but he has not alleged or demonstrated that his conviction has been invalidated or called into question in any of the ways articulated in *Heck*. Accordingly, his claims are non-cognizable under *Heck* .

Finally, Plaintiff's complaint is subject to dismissal on the ground of immunity. Judges performing judicial functions are absolutely immune from suit under § 1983 even where they act erroneously, corruptly, or in excess of jurisdiction. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991). State prosecutors are likewise immune from civil suits under § 1983 for actions they take "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). *See also Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (discussing judicial and prosecutorial immunity).

Plaintiff's complaint pertains to conduct taken by Defendants falling within the scope of their judicial and prosecutorial duties as to which they are absolutely immune from suit.

**Conclusion**

Accordingly, it is, therefore,

ORDERED THAT

1. Plaintiff's (Doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. I further certify that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So ordered.

                                                     s/James G. Carr

                                                   Sr. U.S. District Judge